Matter of Rysiejko v City of New York (2024 NY Slip Op 05503)

Matter of Rysiejko v City of New York

2024 NY Slip Op 05503

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ.

Index No. 100973/22 Appeal No. 2984 Case No. 2023-04940 

[*1]In the Matter of Magdalena A. Rysiejko, Petitioner-Appellant-Respondent,
v
The City of New York et al., Respondents-Respondents-Appellants.

Magda A. Rysiejko, appellant-respondent pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondents-appellants.

Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered June 6, 2023, which, to the extent appealed from, denied in part the petition to annul the August 8, 2022 determination of the City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel) denying petitioner's request for a religious exemption from the COVID-19 vaccination requirement for New York City employees and to direct the reinstatement of petitioner's employment, insofar as denying petitioner's request for back pay and benefits and dismissing the proceeding as against respondent New York City Department of Citywide Administrative Services (DCAS), and granted the petition in part and annulled the challenged determination as arbitrary and capricious, unanimously modified, on the law and the facts, the petition denied in its entirety, and the proceeding, brought pursuant to CPLR article 78, dismissed, without costs.
Petitioner failed to demonstrate that the denial of her application was arbitrary and capricious or affected by an error of law (CPLR 7803[3]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The Citywide Panel provided a sufficient explanation for its decision, stating that the decision "was based on the reasoning set forth in the denial letter from respondent New York City Police Department (NYPD)." The denial letter, in turn, found that petitioner's application contained "a generic statement that does not support [her] request," relied on false information or misinformation, "failed to explain how [her] religious tenets conflict with the vaccine requirement," and "had no demonstrated history of refusing medications or vaccines" (Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]; see also Matter of Bryan v Board of Educ. of the City School Dist. of the City of N.Y., 222 AD3d 473, 473 [1st Dept 2023]; cf. Matter of Reynolds v New York City Fire Pension Fund, 210 AD3d 484, 484-485 [1st Dept 2022]). Contrary to petitioner's contention, "we need not limit our review to the language in the Citywide Panel's decision, as the Panel noted that it had 'carefully reviewed [the NYPD's] determination' as well as 'all of the documentation submitted to the agency,' and that it had based its decision on that review" (Matter of Marsteller, 217 AD3d at 544; see Matter of Lynch v Board of Educ. of the City School Dist. of the City of N.Y., 221 AD3d 456, 457 [1st Dept 2023], lv denied 42 NY3d 905 [2024]).
Supreme Court should not have rejected either the information supplied in the verified answer or two affirmations submitted by respondents. "[W]here, as here, there was no administrative hearing, an agency may submit an official's affidavit to explain the information that was before the agency and the rationale for its decision, and this Court may consider such an affidavit even though it was not submitted during [*2]the administrative process" (Matter of Marsteller, 217 AD3d at 544).
Petitioner also failed to demonstrate that the City's process for resolving requests for accommodations to the vaccine mandate fell short of the requirements of the New York City Human Rights Law regarding cooperative dialogue (Administrative Code of City of NY §§ 8-102, 8-107[3][a], 8-107[28][e]; Matter of Bryan, 222 AD3d at 473; Matter of Marsteller, 217 AD3d at 545).
Because we find that the challenged determination was not arbitrary and capricious or affected by an error of law, there is no basis to award back pay or court costs as incidental damages (CPLR 7806). For the same reason, we reject petitioner's challenge to the dismissal of the petition as against DCAS.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024